## DAVIS et v DAVIS

Municipal Court of Cleveland

No. 912606. Decided May 2, 1940.

Phillips & Falsgraf, Cleveland, for plaintiff.

S. H. Hazelwood, Cleveland, for defendant.

## OPINION

By McDERMOTT, J.

In the foregoing matter it is admitted that the defendant signed the promissory note which is the basis of the action. The defendant, however, claims and offers evidence to the effect that there was an absolute want of consideration for same and therefore said note is without force and effect and he is not indebted to the estate represented by the plaintiffs herein.

The court finds from the evidence that the decedent and defendant both were capable of contracting between themselves at the time of the alleged agreement in this case.

The defendant maintains that the case of Ginn v Dolan, as cited in 81 Oh. St. pages 121 to 129 inclusive, was and is the law in the state of Ohio which applies to this case now and at the time the note described in plaintiff's petition was signed by this defendant. From that the defendant maintains that the burden of proof to show consideration herein is on the plaintiff throughout and with this interpretation the court agrees.

On page 127 in said opinion in the first complete paragraph it is said that the party who maintains the affirmative of the issue carries the burden of proof through the whole case although he may be aided by such a rebuttable presumption of law, or such facts as would prima facie support his contention. The defendant need do no more than counter-balance the presumption or prima facie case. This the defendant does not succeed in doing in the instant case, because certain evidence developed by both parties causes the court to take into consideration other law which appears to be controlling in the first instance and the presumption from which would overwhelm the defendant's contention that there is a want of consideration for the signing of the aforesaid note.

The evidence shows that the defendant desired to make a loan on a certain insurance policy issued on his life and the decedent was the sole beneficiary of this policy. The insurance company required before such a loan could be made that the beneficiary in writing on a prescribed form (at a designated place thereon for the beneficiary's signature) approve the same. Probably there was no legal right for the said company to make this demand and the defendant could have received his loan nevertheless, but the evidence shows

that the defendant believed the requirement absolute. Accordingly he prevailed upon the decedent to execute her signature thereon, but not before decedent demanded and secured defendants' signature to the aforesaid note (the subject of this action), which acts on the part of each, the court says now, constituted the various considerations passing from one to the other in this particular transaction.

The evidence shows that the loan described was to be in the amount of six hundred dollars and was to carry interest, and in addition to this at the time of this transaction, the defendant was indebted to the decedent on another note previously executed and delivered to her in the amount of nine hundred and fifty dollars plus interest, for which, from the evidence, there appears to be no other security other than the aforesaid insurance policy.

The case of **Judy v Louderman** is an old case, **48 Oh St 562,** but it seems to be still the law in this state and this case, at the top of page 574, says:

"The authorities are numerous in illustration of the doctrine, that in determining adequacy of consideration, the extent of benefit derivable from it is not considered; a value however small or nominal, if given or stipulated for in good faith is, in the absence of fraud, sufficient to support an action on the contract or promise."

May the court say at this point that from the evidence there was no fraud or imposition substantiated in this particular transaction?

Here, as in the Judy v Louderman case, the defendant received from the decedent that for which he contracted and obtained that which by the terms of the contract, was evidently deemed by the contracting parties an object of value. In contemplation of law, here as there, there was no want or failure of consideration for the written obligation of the defendant.

The second syllabus of that case says:

"While it is necessary that the consideration of a promise should be of some value, it is sufficient if it be such as could be valuable to the party promising; and the law will not enter into an inquiry as to the adequacy of the consideration but will leave the parties to be the sole judges of the benefits to be derived from their contracts unless the inadequacy of consideration is so gross as of itself to prove fraud or imposition."

The court says at this point that the evidence herein and the proper deductions made therefrom does not show a gross inadequacy of consideration. In reaching its conclusion, the court has considered in addition the general law as cited in **9 O. Jur. at page 298, §66,** and the cases cited thereunder and the supplements thereto.

Detriment. Doing what one is not legally bound to do constitutes detriment. To constitute detriment it is unnecessary that there be an actual loss to the promisee; it is sufficient if the promisee did something that he was not legally bound to do.

Again in the same volume, at pages 321, 322 and 323, the general law, the cases cited thereunder and the supplements thereto, under the heading of Section 98 entitled "Adequacy of Consideration," it is said, amongst other statements, that "the courts ordinarily will not inquire into the adequacy of the consideration if the parties were capable of contracting."

The amount of benefit to the promisor or detriment to the promisee essential to a valuable consideration is immaterial. Any of either is enough in the absence of any showing of fraud or unfair treatment. "If the consideration is valuable," says the Supreme Court, "it need not be adequate" unless it is so gross as to prove fraud or imposition.

Again the Supreme Court has said "However slight the benefit to the promisor, if of any legal value and however slight the damage, loss or incon-

venience to the promisee if of any legal estimation, is sufficient to support a contract."

From the facts, evidence, circumstances and the law as it applies in this case, the plaintiffs have sustained the burden of proof and there is a preponderance of evidence in their favor which entitled them to a judgment in the full amount requested.

Finding for the plaintiffs in the amount of one thousand dollars ($1,000) in addition to interest and the costs of the action.